**Jimmy REED and Cindy Reed, Plaintiffs–Appellees,**

v.

**SHELL OFFSHORE INC., Defendant–Appellant.**

**No. 88–3144.**

United States Court of Appeals, Fifth Circuit.

July 25, 1989.

J. Daniel Picou, Bailey & Leininger, Metairie, La., for defendant-appellant.

Craig J. Robichaux, John W. Anthony, Talley, Anthony, Hughes & Knight, Bogalusa, La., for plaintiffs-appellees.

ON PETITIONS FOR REHEARING

Before REAVLEY, WILLIAMS, and JONES, Circuit Judges.

14.  *See Campbell,* 487 F.2d at 4 & n. 3.

EDITH H. JONES, Circuit Judge:

The Court has considered the motions for rehearing filed by both parties. We deny the relief requested in those motions but correct our prior opinion in two particulars.

First, our jurisdiction is founded in this offshore platform case not upon diversity but upon the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331, *et seq.* Thus, we rely on Louisiana law because of its incorporation by OCSLA as surrogate federal law. We erroneously stated in the original opinion that we are "Erie-bound." In this case, the technical basis for jurisdiction has no effect on our dependence upon Louisiana law. *See Knapp v. Chevron, U.S.A., Inc.,* 781 F.2d 1123, 1129 (5th Cir.1986).

Second, the concluding sentence in the panel opinion is revised to reverse and remand for a new trial limited to the issue of the extent of liability pursuant to the cause of action stated in Louisiana Civil Code Article 2317, i.e. submission to the jury of an issue on the degrees of causation or fault of Reed, Shell and B & D.